■ SCHACKER REAL ESTATE CORP., Appellant, v. ROBERT HELLER et al., Defendants, and Interpleader-Plaintiffs-Respondents; INTERLOC REALTY CORP. et al., Interpleader-Defendants-Respondents.— In an action to recover a broker's commission, plaintiff appeals, as limited by its briefs, from portions

of two orders of the Supreme Court, Suffolk County, namely, (1) from so much of one order, dated April 23, 1974, as, after granting leave for renewal of plaintiff's prior motion for summary judgment, again denied it summary judgment and (2) from so much of the other order, dated June 28, 1974, as denied a motion by plaintiff to vacate a notice by interpleaded defendants Giambalvo for pretrial examinations. Order of April 25, 1974, reversed insofar as appealed from, on the law, with one bill of $20 costs and disbursements to appellant jointly against (1) respondents Heller and Paragon Associates and (2) respondents' Giambalvo, and summary judgment in favor of plaintiff granted against all the parties. Appeal from order of June 28, 1974 dismissed as moot, without costs. Plaintiff, a licensed real estate broker, brought this action to recover a commission of $39,838 for obtaining a tenant for a building. Defendants, Robert Heller and Paragon Associates, admitted in the interpleader complaint that they owned a broker's commission in said amount, but interpleaded another licensed real estate broker, Interloc Realty Corp., and its two licensed salespersons, Anthony and Joan Giambalvo. According to the interpleader complaint, the Giambalvos showed premises in the building to the tenant before the letting was effectuated and the interpleader was asserted because Heller and Paragon feared double liability if plaintiff recovered against them and they were subsequently successfully sued by Interloc and the Giambalvos. However, Interloc entered an answer to the interpleader complaint, alleging that it had no claim against Heller or Paragon and that it had assigned any rights to commissions to plaintiff. Interloc's answer also stated that the Giambalvos had acted outside their authority and contrary to the customs and practices of the real estate brokerage business to any extent that they had aided in the procurement of the lease. Upon this renunciation of interest in the commission, plaintiff renewed its prior motion for summary judgment which had previously been denied. Plaintiff contended there was no argument that the money was owed and that the only other legal ·claimant of the commission had ·expressly disavowed any claim thereto. Plaintiff urged that the Giambalvos, as licensed real estate salespersons regularly employed by Interloc, were statutorily precluded from claiming a fee from anyone except Interloc, under section 442-a of the Real Property Law, and thus the Giambalvos' answer and the interpleader of them should be stricken. Special Term denied the renewed request for summary judgment, holding that unspecified questions of fact as to material issues existed. The Giambalvos' right of recovery, if any, is against Interloc, their employer. Section 442-a of the Real Property Law precludes licensed real estate salespersons from claiming commissions from anyone but their regular employer (*Corris* v. *White*, 29 A D 2d 470; *Mac Queen Realty Co.* v. *Emmi*, 58 Misc 2d 54). Since Interloc, the only properly interpleadable party, has renounced all claim to a commission which Heller and Paragon admitted they owed to either Interloc or plaintiff, plaintiff is entitled to summary judgment. Summary judgment renders moot the appeal from the order of June 28, 1974. Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.